UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

J. J. BUCKSHAW & ASSOCIATES

    Plaintiff,

vs.                                                Case No. 8:11-CV-208-T-27AEP

FLORIDA FINANCIAL SERVICES
DEPARTMENT, RISK MANAGEMENT
DIVISION - TORT CLAIMS, and
the FLORIDA SUPREME COURT,

    Defendants.
_____/

<u>ORDER</u>

**BEFORE THE COURT** is a paper filed by the *pro se* Plaintiff entitled "Security for Filing Fee - Assignment Agreement" (Dkt. 2). Plaintiff purports to assign to the United States District Court for the Middle District of Florida a cause of action currently pending in state court against Defendants as security for the required filing fee. As the purported assignment plainly does not satisfy the filing fee requirement, the Clerk construed the paper as a motion to proceed *in forma pauperis* and docketed it as such.

The Clerk informs chambers staff that the Clerk, another United States District Judge in this district, and a member of his staff have received e-mails from Plaintiff complaining that the Clerk has (a) inaccurately described and disregarded his "Security for Filing Fee - Assignment Agreement" and (b) erroneously classified his case as a civil rights action rather an antitrust action as indicated on Plaintiff's civil cover sheet. Upon consideration, it is **ORDERED**:

(1) Any application for relief submitted by Plaintiff shall be sent by U.S. mail or other delivery or courier service to the Clerk. **Plaintiff is prohibited from sending e-mail correspondence** regarding this matter to any U.S. District Judge or the judge's staff, or to the Clerk. See Local Rule 3.01(f). Failure to comply shall be deemed a willful violation of this Order and will result in sanctions.

(2) Plaintiff's proposed "Security for Filing Fee - Assignment Agreement" (Dkt. 2) is **REJECTED** and **STRICKEN**. To the extent Plaintiff's "Security for Filing Fee - Assignment Agreement" (Dkt. 2) requests leave to proceed without prepayment of costs pursuant to 28 U.S.C. § 1915 or otherwise, the motion is **DENIED**.

(3) Within **twenty (20) days** from the date of this Order, Plaintiff shall either pay the filing fee or file a properly supported motion for leave to proceed *in forma pauperis*. The Clerk is directed to forward Plaintiff the appropriate form. A motion for leave to proceed *in forma pauperis* shall include an affidavit setting forth Plaintiff's financial condition pursuant to Local Rule 4.07(a). As Plaintiff is evidently familiar with these requirements,[1] his failure to comply will result in dismissal of this action without further notice.

(4) Finally, the docket requires no amendment. Plaintiff's grievances apparently relate to allegedly unconstitutional arrest threats made by the police, an allegedly unconstitutional arrest warrant, and an allegedly unlawful criminal prosecution of Plaintiff. Although Plaintiff cites the

---

[1] *See, e.g., Buckshaw v. Burtterworth, et al.*, 8:00-CV-2266-T-30TBM (M.D. Fla.), Dkt. 4 (denying Plaintiff's motion to proceed *in forma pauperis* for failure to include an appropriate affidavit of indigency), Dkt. 6 (denying Plaintiff's amended motion to proceed *in forma pauperis* for failure to include an appropriate affidavit of indigency and directing Plaintiff to pay the fee or file a properly supported motion within fifteen days), Dkt. 7 (dismissing case for failure to pay the fee); *Buckshaw v. State of Florida*, 8:05-CV-319-T30MSS (M.D. Fla.), Dkt. 10 (denying Plaintiff's Motion to Defer Costs to Commence Action Without Payment of Filing Fees), Dkt. 11 (directing Plaintiff to pay the fees within twenty days), Dkt. 12 (dismissing the case for failure to pay the fee).

Sherman and Clayton Acts, the Complaint states no facts supporting a non-frivolous claim under the federal antitrust laws. No change in the docket is warranted.

**DONE AND ORDERED** in chambers this 17th day of February, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Plaintiff